■ In the Matter of THERESA M. MORRISSEY, Petitioner, against J. RAY-MOND McGOVERN, as Comptroller of the State of New York, Respondent.— This is a proceeding by the widow of Deputy Fire Commissioner Morrissey of the City of Cohoes to review a determination by the Comptroller disapproving her application for an accidental death benefit under section 81 of the Civil Service Law. The decedent died while fighting a fire. The decedent and three other firemen were engaged in carrying injured firemen by stretcher to an ambulance. As the firemen were hurrying back from the ambulance to pick up another injured fireman, they looked back and found the decedent lying face down on the ground (in the language of the Comptroller's finding) "across two hose lines, with his foot hooked in one of them". The decedent died shortly thereafter in an ambulance while en route to the hospital. It was found that the decedent had been suffering from a "moderate degree of coronary sclerosis". The cause of death was given as "coronary insufficiency due to coronary sclerosis". The petitioner's counsel apparently conceded that the overexertion which led to the heart attack could not of itself be treated as an accident within the meaning of section 81. This concession was amply justified. It is now settled that the Comptroller has the power to determine that strain or overexertion resulting in a heart attack does not constitute an accident for the purpose of administering the retirement system, notwithstanding the fact that it may constitute an accident for workmen's compensation purposes (*Matter of McCadden* v. *Moore*, 276 App. Div. 490, affd. 301 N. Y. 760; *Matter of Odell* v. *McGovern*, 283 App. Div. 585, affd. 308 N. Y. 678; *Matter of Owens* v. *McGovern*, 283 App. Div. 898). The petitioner's theory was that the decedent tripped on the hose and fell as a result of this accidental tripping and that the shock of the fall contributed materially to the heart attack and to the resulting death. It was the State's theory that the decedent did not trip over the hose but that he collapsed as a result of the heart attack and that

the fall did not materially contribute to his death. There was medical proof to support the petitioner's theory. There was also medical proof to support the State's theory that the fall had nothing to do with the decedent's death, provided that it was not preceded by an accidental tripping. But the State's medical expert did not express any clear opinion on the question of whether the fall contributed to the decedent's death, if it were assumed that the fall had been caused by an accidental tripping. The Comptroller's determination seems to rest upon the theory that the decedent did not trip over the hose but his findings do not clearly express that theory. In paragraph 16 of his findings he states that "Morrissey was in the process of dying * * * and fell as a result thereof" but he does not make any finding that this was the sole cause of the fall nor does he make any finding expressly negating the petitioner's theory that the decedent had tripped on the hose. On the contrary, paragraph 12 of the findings seems to accept the petitioner's theory that an accidental tripping on the hose was at least one of the causes of the fall. It expressly finds that the decedent's foot was "hooked" in one of the hose lines. If the Comptroller meant by this that there was an accidental tripping which preceded the fatal heart attack, then a conclusion that the fall did not contribute to the decedent's death was not supported by substantial evidence. The Comptroller's determination is annulled and the matter remitted to the Comptroller for clarification of his findings and for such other proceedings as he may believe just and proper, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.