■    In the Matter of MARTY SNYDER, Petitioner, v. NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which disapproved petitioner's application for accidental disability retirement. Petitioner has become totally blind as a result of episodes of recurring hemorrhaging of the eyes. He contends his condition is a result of emotional strain and mental anguish sustained in the performance of his duties to the extent that his present disability may be determined the result of an accident within the meaning of section 63 of the Retirement and Social Security Law. Subsequent to a hearing, respondent disapproved petitioner's application. That determination must be sustained. Although petitioner was awarded benefits under the provisions of the Workmen's Compensation Law, the refusal of the hearing officer to admit into evidence in this proceeding the transcript of the medical testimony before the Workmen's Compensation Board was not error. Such testimony would be irrelevant in a hearing before the Comptroller (Retirement and Social Security Law, § 64, subd. b), for the rule in a Workmen's Compensation case would not be the test in this proceeding (*Matter of Croshier* v. *Levitt,* 5 N Y 2d 259; *Matter of Honeyman* v. *Levitt,* 34 A D 2d 1076). At the hearing, petitioner was given the opportunity for a continuance to present testimony of a specialist then available, but he elected not to avail himself of that opportunity. It is clear there is substantial evidence to support the determination of the Comptroller in his independent judgment, since he is vested with " exclusive authority " to determine applications for retirement benefits (Retirement and Social Security Law, § 74; *Matter of Demma* v. *Levitt,* 11 N Y 2d 735). Determination confirmed, and petition dismissed,

without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.