■ A. B. MACHINE WORKS, INC., et al., Appellants, v ANGELO BRISSIMITZAKIS et al., Respondents.—Order, Supreme Court, New York County, entered September 30, 1975, dismissing the complaint and denying plaintiffs'

motion to enjoin the private sale of securities, reversed, on the law and the facts, with $60 costs and disbursements to appellants, and the defendants' cross motion to dismiss on the ground of *res judicata* denied, and the plaintiffs' motion for an injunction granted on the condition that a bond in the amount of $15,000 be posted, and the matter remanded for trial. The defendant owned a machine shop, which he sold to the corporate plaintiff, the defendant receiving 30% of the stock, cash and a corporate note in payment. The defendant also agreed to work for the plaintiff corporation for a period of three years and not to compete. The individual plaintiffs received 70% of the stock, which they pledged as collateral to secure the defendant's corporate note, and that pledged stock is held by the defendant's attorney named in the complaint as an escrow agent. In order for the corporate plaintiff to borrow, the parties agreed that the defendant execute a satisfaction of the corporate note and that plaintiffs would personally pay the amount due in yearly installments. No mention of the pledge of the stock was made in that connection. Later on, there was a disagreement between the plaintiffs and the defendant. The defendant then worked for a competitor despite the contract prohibition. When he demanded to see the corporate books, he was refused because of his other employment. The police were called to remove him from the premises of the plaintiff corporation. The defendant contended that he was denied access to the books because the plaintiffs were using corporate funds in an unauthorized manner, and that when he tried to go to work, he was denied entrance. The individual plaintiffs did not make final payment in the amount due on their personal liability substituted for the corporate note. The defendant applied for unemployment insurance and was granted entitlement by the referee; the plaintiffs did not appeal. In 1975, over four years after the last installment on the personal payments was to be made, defendant's attorney notified the plaintiffs that the pledged stock would be sold by reason of their default. Plaintiffs claim there was no corporate default, and they also claim that the consideration for the personal promise to pay was the defendant's agreement to work for the corporation and not to compete. With interest, there seems to be some $15,000 still due, and, of course, the parties have various other of the afore-mentioned items of contention. The plaintiffs brought the action for damages for breach of the employment contract, violation of the restrictive covenant, and to enjoin the sale of the stock. The defendant cross-moved under CPLR 3211 (subd [a], par 5) to dismiss the complaint contending that the determination of the referee granting him unemployment insurance was *res judicata.* While there is no doubt that section 623 of the Labor Law makes a decision of the referee, if not appealed, final on questions of fact and law, see *Matter of Evans v Monaghan* (306 NY 312, 323), the matters in controversy between the parties here are so much broader than the very narrow issue which was before the referee, that his determination cannot possibly be considered a bar to the claim in this action. The defendant could have been awarded unemployment insurance even though his other arrangements with the plaintiffs caused his ouster. The referee held only that his "employment terminated under non-disqualifying conditions". Only such items as are necessarily determined in a prior proceeding are conclusive. *(Smith v Kirkpatrick,* 305 NY 66.) We have heretofore, pending the appeal, stayed the sale of the securities on the condition that a bond in the amount of $15,000 be posted, which was done. The sale is enjoined on the condition that the bond or similar security be continued pending the trial. Concur—Stevens, P. J., Silverman and Lane, JJ.; Murphy, J., dissents and would affirm on the opinion of Fine, J., at Special Term.