■ In the Matter of KENNETH DACKSON, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents.— Judgment, Supreme Court, New York County, entered October 9, 1975,

dismissing the petition, unanimously affirmed, without costs or disbursements. Petitioner, as a result of injuries incurred, sought to retire on a service-connected disability pension but was granted his application only to the extent of approval of an ordinary disability pension. He instituted this article 78 proceeding to review and annul that determination on the grounds that it was arbitrary and capricious. Special Term denied the application and dismissed the petition. We agree. Clearly, in instances of conflicting expert medical opinion, the board of trustees is entitled to rely upon the advice and recommendation of its medical board *(Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954). Though in the case at bar we have as an added ingredient the fact that petitioner had received medical benefits as a result of his injuries, that does not constitute a determination that his injuries were service-oriented (Retirement and Social Security Law, § 64, subd b; *Matter of Croshier v Levitt,* 5 NY2d 259, 263; *Matter of Demma v Levitt,* 11 NY2d 735; *Matter of Snyder v New York State Employees Retirement System,* 43 AD2d 871, mot for lv to app den 34 NY2d 519). Concur—Stevens, P. J., Markewich, Capozzoli, Lane and Nunez, JJ. [Amd May 25, 1976.]