■ WILLIAM NALLAN, Appellant, v UNION LABOR LIFE INSURANCE COMPANY, Respondent.—Judgment, Supreme Court, New York County, entered on June 13, 1975, affirmed, without costs and without disbursements, on the opinion of Asch, J. Concur—Stevens, P. J., Markewich, Birns and Capozzoli, JJ.; Kupferman, J., dissents in the following memorandum: Kupferman J. (dissenting). The plaintiff-appellant, a self-employed mechanical recording engineer, was the beneficiary under a major medical insurance policy issued by the respondent. During the early evening of September 30, 1969, he was shot in the back and critically wounded by an unknown gunman while in an office building located at 250 West 57th Street in New York County. Appellant was in the office building to deliver sound equipment to a customer and to attend a meeting of his union, Local 42, International Alliance of Theatrical, Stage and Motion Picture Machine Operators. Appellant had been in conflict with officers of the union over his allegations of wrongdoing in the conduct of the union affairs. Respondent insurance company paid over $5,000 to the appellant as part of the coverage for his extensive medical expenses. Appellant is permanently confined to a wheelchair as the result of the shooting. He received a Workmen's Compensation award for full coverage of his medical expenses. Respondent refused to pay any further benefits to the appellant, and the judgment from which he appeals not only denied him any further recovery, but on the respondent insurance company's counterclaim directed that the appellant return the over $5,000 theretofore paid to him. The basis for the insurance company refusing to pay and for its demand for return of the amount theretofore paid was a limitation in the insurance policy, which excludes payment for injuries incurred as a result of "accidental bodily injury arising out of and in the course of the individual's employment". The trial was held on an agreed statement of facts, and the court at Trial Term determined that the shooting was accidental in the sense of the quoted provision, and this court would affirm. Of course, it is axiomatic that if there is any ambiguity in the provisions of an insurance policy, the construction is against the insurer. *(Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356.)* Further, although the plaintiff-appellant has received medical benefits under the Workmen's Compensation Law, this does not foreclose his recovery under the major medical insurance policy as "that does not constitute a determination that his injuries were service-oriented". *(Matter of Dackson v Codd,* 52 AD2d 527.)* Further, in the context of the claim here involved, the determination in the Workmen's Compensation proceeding is not *res judicata. (A. B. Mach. Works v Brissimitzakis,* 51 AD2d 915.)* It would be farfetched to assume that the shooting occurred as a result of the union conflict. There was nothing accidental about the plaintiff being deliberately shot in the back, and there are any number of possible explanations as to what occurred. In fact, it is just as reasonable to assume that the shooting was

one of the hazards to be encountered in a normal day in a metropolitan center. The judgment appealed from should be reversed, the counterclaim dismissed, and judgment awarded to the plaintiff on the complaint based on the insurance policy.