■ CATHERINE SCHWARZ, Appellant, v SIDNEY SCHNIPPER et al., Respondents. — Order, Supreme Court, New York County (Wallach, J.), entered February 2, 1981, which granted defendant's motion to dismiss the complaint alleging sexual harassment, unanimously reversed, on the law, without costs and disbursements, motion denied and the complaint reinstated. The issue on appeal is whether the determination of the Administrative Law Judge of the New York State Department of Labor, sustaining, after a hearing, the initial determination of the local office disqualifying plaintiff from receiving unemployment benefits effective March 31, 1979, because she voluntarily left her employment without good cause (which determination was subsequently affirmed by the Unemployment Insurance Appeal Board) collaterally estops plaintiff from maintaining the instant complaint wherein she sets forth eight causes of action sounding in assault, battery, false imprisonment, the intentional infliction of emotional distress, prima facie tort and breach of contract. The essential background is as follows: plaintiff, employed as a "Gal Friday" in defendant Sidney Schnipper's one-man insurance firm, defendant Municipal Pension Protectors, Inc., from January 3, 1979 to March 16, 1979, contends that during this period she was the victim of a sustained campaign of sexual harassment. Shortly after her departure she applied for unemployment benefits. Under the statute these benefits are available to an employee who quits voluntarily only if the departure was for "good cause". The Administrative Law Judge denied plaintiff's claim for such benefits finding that the employer did make improper sexual advances to plaintiff, but that plaintiff "condoned" these actions. This finding and conclusion proceeded from the Administrative Law Judge's opinion that it was incredible that claimant did not sooner leave her job, but continued in the employment for a few weeks subsequent to the taking by the defendant Schnipper of "illicit" photographs of plaintiff. Not having previously left the job under these circumstances evincing sexual harassment, the Administrative Law Judge concluded that plaintiff *"left her job* for reasons best known to her, but without good cause, and not because of the employer's behavior toward her" (emphasis supplied). The issue before the Administrative Law Judge was simply whether when plaintiff left her job, she did so for *"good cause".* He concluded that she did not. In effect, he found that plaintiff had waived those incidents as a compelling reason to terminate her employment, i.e., she forgave such incidents as a reason for leaving (see *Matter of Hogan [Schenectady Discount Corp.—Levine],* 50 AD2d 650). Condonation is not consent. The only claims asserted by plaintiff that might be arguably subject to the principle of collateral estoppel are those sounding in breach of contract which allege that defendant Schnipper's sexual harassment caused plaintiff's termination of employment. Clearly, "the matters in controversy between the parties here are so much broader than the very narrow issue which was before the [Administrative Law Judge], that his determination cannot possibly be considered a bar to the claim[s] in this action" *(A. B. Mach. Works v Brissimitzakis,* 51 AD2d 915, 916). Recognizing that collateral estoppel implements "the sound principle that, where it can be fairly said that a party has had a full opportunity to litigate a particular issue, he cannot

reasonably demand a second one" (*Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65, 69) and analyzing the factors that enter into the full and fair opportunity test (see Siegel, New York Practice, § 467, pp 618-623), we conclude that plaintiff is not collaterally estopped from asserting some of the claims in her complaint in consequence of the prior adverse administrative determination of her application for unemployment benefits. In essence, the administrative hearing did not provide a full opportunity to litigate the particular issues now raised by plaintiff. Concur — Kupferman, J. P., Sandler, Markewich and Lupiano, JJ.