In the Matter of NATALIA ODELL, Petitioner, against J. RAYMOND McGOVERN, as Comptroller of the State of New York, Respondent.

Third Department, April 2, 1954.

*Augustus W. Bennet* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (George H. Rothlauf* and *Wendell P. Brown* of counsel), for respondent.

FOSTER, P. J. This is a proceeding under article 78 of the Civil Practice Act. We are asked to reverse a determination of the State Comptroller that the death of petitioner's husband was not, within the meaning of section 81 of the Civil Service Law, the result of an accident sustained by him while he was engaged in the performance of the duties of an assistant attorney-general.

Decedent died at the age of fifty-one years as the result of a coronary thrombosis and occlusion. For some time prior to his death he had been assigned to the habeas corpus bureau in the Attorney-General's office. On the morning of September 8, 1952, he was engaged in defending a habeas corpus proceeding brought by an inmate of the Matteawan State Hospital for the criminal insane. There he suffered his initial heart attack and was taken to a hospital, where he died eleven days later. An autopsy was performed which confirmed the spot diagnosis of an occlusion. Curiously enough the testimony does not show what the autopsy otherwise revealed, and the only reference to the condition of decedent's arteries is a casual remark of Dr. Small's that he probably had sclerosis.

However, the medical testimony as given by two physicians called by petitioner was solidly to the effect that the fatal attack was brought on by emotional strain and anxiety which developed during the course of the hearing. Petitioner's original claim of overwork was abandoned on the trial before the deputy comptroller and amended to conform to the proof that the attack was precipitated by emotional strain. No medical proof was offered to the contrary.

Decedent was a member of the State Retirement System, and petitioner made her application for accidental death benefits under the Civil Service Law. Under that statute she was entitled to benefits only if the Comptroller determined '' on the basis of * * * evidence '' that decedent died '' as the natural and proximate result of an accident sustained in the performance of duty in the service upon which his membership

was based ". (Civil Service Law, § 81, subd. a.) Subdivision b of section 85 of the same statute, very emphatically says that a decision of the Workmen's Compensation Board on such an issue is in no way binding on the Comptroller. Thus it seems reasonably clear that a different social philosophy was envisaged by the Legislature for benefits under the Civil Service Law than it had in mind for benefits under the Workmen's Compensation Law. And it must be conceded that there is room for a different viewpoint. There is quite a distinction between the situation of an ordinary workman and a civil servant; and the Comptroller is dealing with a fund quite different than insurance designed to protect workmen and shift the burden imposed by industrial accidents to industry as a whole.

Inherent in this is the suggestion at least that the Comptroller may require more convincing evidence of an accident than is required under the Workmen's Compensation Law, or at least he is not bound to accept the tests usually applied in compensation cases. For instance I doubt if he is obliged to accept the test laid down in the *Matter of Masse* v. *Robinson Co.* case (301 N. Y. 34). After that case was decided the case of *Matter of McCadden* v. *Moore* (276 App. Div. 490, affd. 301 N. Y. 760) reached the Court of Appeals. There, as here, the Retirement System offered no proof, and the medical testimony was to the effect that McCadden suffered a coronary attack after shoveling snow in the performance of his duty and actually had symptoms during his shoveling. Despite such uncontradicted testimony the Comptroller nevertheless determined that McCadden's disability was not of accidental origin. The Appellate Division wrote an opinion for confirmation, stating in substance that the issue was one of fact for the Comptroller to determine, and the Court of Appeals affirmed, without opinion. That case was stronger than the one here for it involved unusual and heavy labor.

There is some suggestion that the Comptroller relied upon information dehors the record. There is nothing to support this suggestion that I can find in the record except his failure to find for petitioner. Assuming he found that deceased's fatal attack was brought on by emotional excitement aroused by his work the Comptroller still had room to find there was no accident. Emotions are a part of everyone's daily life and to postulate them as a basis for an accident is to enter a field of sheer speculation.

And finally we are reviewing here an administrative determination. In the *Rankin* v. *New York State Employees' Retire-*

*ment System* case (274 App. Div. 160), which we decided adversely to the State Retirement System and which, in my opinion, is the strongest case cited by petitioner, we acted on an agreed statement of facts. In the real sense of the term that was hardly a review. The compensation cases cited by petitioner are not at all controlling, but in any event most of them merely affirmed the Workmen's Compensation Board. Incidentally it may be noted that a compensation award made to the petitioner herein was set aside by the board.

The determination should be confirmed, without costs.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Determination confirmed, without costs. [See *post*, p. 899.]