Fuld, J.
Ralph Croshier had for many years been a Forest Ranger for the State Conservation Department. As such, he was engaged in the fighting and suppression of fires, frequently in thickly wooded, rough and hilly terrain, and, on occasion, for long periods of time. In October of 1953, when he was 57 years old, he had a mild cardiac insufficiency and then, several months later, suffered a myocardial infarction which hospitalized him for several weeks. When he returned to his duties in March of 1954, although advised by his doctor to take things easy and restrict himself to supervisory work, he continued to perform the very strenuous, albeit usual, activities expected of Forest Rangers. Then, about a year later, on April 11, 1955, he participated in extinguishing what was described as an “ average, nasty * * * little ” forest fire on a steep hill and, shortly after he had ceased his efforts, he collapsed and died from a heart attack.
Croshier had been a member of the New York State Employees’ Retirement System, and his widow, claiming that his *262 death was the result of an “ accident ’ ’ sustained in the performance of his duties, applied for the payment of accidental death benefits pursuant to section 61 of the Retirement and Social Security Law. The Comptroller, as head of the Retirement System, rejected the claim, finding that Croshier “ died of an attack of coronary occlusion secondary to a pre-existing pathological condition of coronary arteriosclerosis and anteroseptal myocardial infarction”, that his fire fighting activities “precipitated ’ ’ such attack, that he sustained no accident in the performance of his duties and that his death was caused by none. The Appellate Division annulled the Comptroller’s determination, indicating that it believed such conclusion compelled by our decision in Matter of Owens v. McGovern (309 N. Y. 449).
Section 61 of the Retirement and Social Security Law provides that an “ accidental death benefit ” shall be payable upon the death of a member if the Comptroller shall determine that he died before the effective date of his retirement 1 ‘ as the natural and proximate result of an accident sustained in the performance of duty ” (subd. a) and section 74 declares, that the Comptroller shall have “ exclusive authority ” to determine all applications for such a benefit (subd. b). The question thus presented is whether, despite this broad grant of authority to the Comptroller, the courts are required to annul his determination that a heart attack, precipitated by physical exertion on the part of the victim in the performance of his usual and customary work, voluntarily undertaken, is not an accident.
No all-inclusive definition of “ accident ” is possible, nor any formulation of a test applicable in every case, for the word has been employed in a number of senses and given varying meanings depending upon the relevant context. In this State, the question of whether one has suffered an accident has been considered in at least three different areas—in the field of accident insurance,[1] of workmen’s compensation[2] and of retirement sys *263 tem benefits[3] — and in each instance somewhat different criteria have been stressed in arriving at the answer.
Although no great reliance may here be placed upon the accident insurance cases — reflecting an interpretation least favorable to the claimant — since their outcome turns on the particular language of the policy, it might well be thought that the same phrase found in two statutes dealing with related subject matter should receive identical interpretation and application. In point of fact, that was the position taken by this court in 1937, when it explicitly held that a decision of the Industrial Board (under the Workmen’s Compensation Law) that an injury was accidental was “ binding” upon the medical board of the Retirement System. (Matter of Nash v. Broohs, 276 N. Y. 75, 82; see Matter of Slattery v. Board of Estimate & Apportionment, 271 N. Y. 346, 353.) The Legislature, however, changed the law in 1938 to provide that the Comptroller was to have ‘ ‘ exclusive authority ’ ’ to determine all applications for any form of benefit under the retirement provisions (Civil Service Law, former § 54, subd. 5; L. 1938, ch. 577; now contained in Retirement and Social Security Law, § 74, subd. b; § 61, subd. a) and that “ No decision ” by the Workmen’s Compensation Board “ shall be binding” on the Comptroller in the matter of determining a claimant’s eligibility for an accidental disability or death benefit (Civil Service Law, former § 67, as amd. by L. 1938, ch. 407) and it added a provision in 1945 reciting that a “ final determination ” of the Board that “ benefits are payable pursuant to the workmen’s compensation law by reason of accidental disability or death of a member of the retirement system shall not in any respect, be or constitute, a determination that an accidental disability retirement allowance or death benefit is payable pursuant to the provisions of this article by reason of the accidental disability or death of such member ” (former § 67, subd. 3; L. 1945, ch. 714; now contained in Retirement and Social Security Law, § 64, subd. b).
Having in mind these significant amendments, the variant purposes sought to be achieved by workmen’s compensation and retirement system benefits and the very marked difference in the size of the respective payments, it “ seems reasonably clear ”, as *264 Presiding Justice Fosteb wrote several years ago, 1 ‘ that a different social philosophy was envisaged by the Legislature for benefits under the Civil Service Law than it had in mind for benefits under the Workmen’s Compensation Law. * * * There is quite a distinction between the situation of an ordinary workman and a civil servant; and the Comptroller is dealing with a fund quite different than insurance designed to protect workmen and shift the burden imposed by industrial accidents to industry as a whole. Inherent in this is the suggestion at least that the Comptroller * * * is not bound to accept the tests usually applied in compensation eases.” (Matter of Odell v. McGovern, 283 App. Div. 585, 587, affd. 308 N. Y. 678.) But whatever the considerations, whether based on “ a different social philosophy ” or not, there is no doubt that the Legislature did overrule this court’s decisions in Nash and Slattery and deliberately elected to vest in the Comptroller the “ exclusive authority ’ ’ of deciding whether there had been an accident so as to entitle the claimant to payment of accidental disability or death benefits from the Retirement System. (See, e.g., Matter of McCadden v. Moore, 276 App. Div. 490, affd. 301 N. Y. 760; Matter of Odell v. McGovern, 283 App. Div. 585, affd. 308 N. Y. 678, supra; Matter of Rosman v. Levitt, 5 A D 2d 939, motion for leave to appeal denied 4 N Y 2d 677; Matter of Morrissey v. McGovern, 1 A D 2d 746; see, also, Matter of Daly v. State Comptroller, 2 A D 2d 139, 143.)
In Matter of McCadden v. Moore (276 App. Div. 490, affd. 301 N. Y. 760, supra), for instance, a police officer became disabled following a heart attack brought on by overexertion shoveling snow in the performance of his duty. His application for accidental disability benefits as a member of the Retirement System was denied by the Comptroller who found — contrary to the finding actually made thereafter by the Workmen’s Compensation Board — that the employee had not sustained an accident. The Appellate Division confirmed that determination and, in the course of its opinion, wrote that, although “ numerous cases could be cited in which awards have been affirmed by the appellate courts for a heart condition brought on by over exertion ”, the amendments to the Civil Service Law, to which we above referred, made it manifest that “ the duty of determining the question of fact as to whether or not an employee has sustained *265 an accidental injury is for the Comptroller ” (276 App. Div., at p. 494). This court affirmed, concluding that confirmation of the Comptroller’s finding of no accident was required, despite the fact that it was the employee’s exertion in the course of his work which precipitated the coronary occlusion resulting in his disability.
To be educed from the McCadden case and those that followed is the principle that it is for the Comptroller to determine whether or not the employee had sustained an accidental injury and that, in making this finding, he is not bound by the accident concept adopted by the Workmen’s Compensation Board or by the test laid down in Matter of Masse v. Robinson (301 N. Y. 34) for compensation cases.[4] Implicit in these decisions is the recognition that, while it may not have been unreasonable for the Compensation Board to regard heart attacks as accidental if the employee, by miscalculating his own strength, inadvertently hastened his own death by exertion, it was not, on the other hand, unreasonable for the Comptroller, in administering the Retirement System, to insist upon a stricter test and conclude that a heart attack precipitated by physical exertion or emotional strain on the part of the victim in the performance of his usual duties, voluntarily undertaken, is not the result of an accident. In other words, ‘1 If reasonable minds might fairly differ” as to whether there was or was not an accident, “ the Comptroller’s independent judgment must be accepted ”. (Matter of Odell v. McGovern, 308 N. Y., at p. 680.)
That the medical and physiological facts are not seriously in dispute does not convert the ultimate issue of whether the death was “ the natural and proximate result of an accident ” into a pure question of law on which this court has the final word. The inferences to be drawn from the testimony partake sufficiently *266 of factual considerations to require us to respect the legislative direction that the Comptroller shall have “ exclusive authority to determine all applications for any form of retirement or benefit ”, when his conclusion is not unreasonable.
It is noteworthy that in the cases decided under the Workmen’s Compensation Law this court did nothing more than accept the Board’s finding, of accident or no accident, solely upon the ground that there was evidence to support it. Recognizing the rule which accords conclusiveness to administrative determinations, we never indicated that the Board’s finding that the employee had sustained an accident was compelled as a matter of law. The Comptroller stands as a trier of fact in the same position as the Board, and we will not announce a different rule for the findings which that official makes in carrying out the provisions of the Retirement Law.
The Appellate Division, in reaching a contrary conclusion, was of the opinion that this court had, in Matter of Owens v. McGovern (309 N. Y. 455, supra), indicated a narrower scope for the Comptroller’s determination. In that case, upon somewhat similar facts, we reversed a determination by the Comptroller, remitting the proceeding to him, because he had declined to admit the medical testimony offered on behalf of the claimant, but nothing we there decided or said was intended to change the law, firmly established long before Matter of Owens. Although, in the light of the arguments now advanced, the concurring opinion in Owens — the only one to which a majority of the court adhered—might have been clearer on the point, it does not suggest that the Comptroller, or the courts in reviewing his determination, would have to find that the employee sustained an accident if he overtaxed himself in doing his work. Indeed, as we actually wrote, if the findings and conclusions are supported by the record, then, “ the courts have no alternative but to accept them * * * even though such a course might * * * lead to a result at odds with that reached by the Workmen’s Compensation Board ” (309 N. Y., at p. 458). This is such a case.
The order of the AppeHate Division should be reversed, without costs, and the Comptroller’s determination confirmed.

. See Schecter v. Equitable Life Assur. Soc. of U. S., 275 App. Div. 958, motion for leave to appeal denied 300 N. Y. 763; Wilcox v. Mutual Life Ins. Co., 265 N. Y. 665; see, also, Burr v. Commercial Travelers Mut. Acc. Assn., 295 N. Y. 294, 305; Silverstein v. Metropolitan Life Ins. Co., 254 N. Y. 81, 85.

. See Matter of Masse v. Robinson, 301 N. Y. 34; Matter of Kehoe v. London Guar, & Acc. Ins. Co., 303 N. Y. 973.

. See Matter of McCadden v. Moore, 276 App. Div. 490, affd. 301 N. Y. 760, and other cases cited, infra, p. 264.

. Under the Retirement and Social Security Law, the fact that an employee sustained an accident bears not on coverage, but solely on the quantum of benefits to be paid; when an employee dies, his beneficiary will receive benefits even though death was not caused by an accident. Under the Workmen’s Compensation Law, however, there is no coverage whatsoever for the death of an employee (excluding eases of occupational disease) unless it was accidentally occasioned. The desire to give an employee the benefit of the statute’s coverage undoubtedly prompted the Board to utilize the more easily satisfied test of accident applied in the Masse case.