■ In the Matter of FRANCES BECKER, Appellant, against BOARD OF EDUCATION OF MIDDLEBURGH CENTRAL SCHOOL DISTRICT No. 1, OF THE TOWNS OF MIDDLEBURGH, FULTON, BROOME, BLENHEIM AND SCHOHARIE, SCHOHARIE COUNTY, AND BERNE, ALBANY COUNTY, NEW YORK, Respondent.— Appeal from an order of the Supreme Court entered in Schoharie County on September 2, 1958, dismissing the petition in a proceeding under article 78 of the Civil Practice Act. Petitioner had sought reinstatement as a school teacher in respondent's school system and a declaration that she had tenure therein. Order unanimously affirmed, without costs, on the opinion of Mr. Justice MACAFFER in the court below (17 Misc 2d 909). Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.

■ In the Matter of HOWARD B. GROUP, Petitioner, against J. RAYMOND McGOVERN, as State Comptroller, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Comptroller of the State of New York which denied the application of petitioner, a member of the State Employees' Retirement System, for accidental disability retirement. On January 26, 1950, in the course of his employment as a ranger by the Division of Parks in the State Conservation Department, petitioner, with three coemployees, while carrying a utility pole up a slippery bank slipped and went down on one knee. He arose in "a matter of seconds" and immediately felt chest pain but continued to work that day and for some days thereafter, with some pain continuing. He sustained a severe attack of pain on February 5, 1950 when his condition became such as to disable him and was subsequently diagnosed as acute myocardial infarction. The Comptroller found that the "event" of January 26, 1950 did not constitute "an accident, within the meaning of the term as used in Section 79 of the Civil Service Law." (The provisions of that section now appear without substantial change in the Retirement and Social Security Law, § 63.) The only medical testimony was that adduced from petitioner's physician who discounted the effect of petitioner's slipping and considered that "the salient factor" was physical exertion in "the hard job of carrying the poles." The Comptroller's authority to determine that such exertion did not constitute an accident is now abundantly clear and we may not disturb his finding. (*Matter of Croshier* v. *Levitt*, 5 N Y 2d 259.) Determination unanimously confirmed, without costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.