11 N.Y.2d 735 (1962)
In the Matter of Fred Demma, Respondent,
v.
Arthur Levitt, as Comptroller of the State of New York, Appellant.
Court of Appeals of the State of New York.
Argued January 15, 1962.
Decided February 22, 1962.
Louis J. Lefkowitz, Attorney-General (Paxton Blair and George H. Rothlauf of counsel), for appellant.
William S. Calli for respondent.
Concur: Judges FULD, FROESSEL, VAN VOORHIS, BURKE and FOSTER. Chief Judge DESMOND dissents in the following opinion in which Judge DYE concurs.
Order of Appellate Division reversed and determination of the Comptroller reinstated, without costs. The findings and conclusions of the Comptroller, vested by statute with "exclusive authority" to determine applications for benefits under the retirement provisions of the Retirement and Social Security Law, are supported by medical testimony in the record. In such a case, the independent judgment of the Comptroller, that the physical incapacity of respondent was not the natural and proximate result of an accident, must be accepted (Matter of Croshier v. Levitt, 5 N Y 2d 259).
Chief Judge DESMOND (dissenting).
In specific findings the Comptroller accepted the testimony of claimant that on March 5, 1954, while performing his duties, he suffered a pain in the groin which resulted in an operation for hernia; that on February 10, 1955 he again suffered a similar severe pain as a result of his tractor-driving duties and had to be operated again for hernia, and that on November 13, 1955 he again suffered pain in the groin as a result of carrying a heavy hose. There was a further express finding that the herniotomies and the man's present abdominal condition were due to what the Comptroller referred to as the "three incidents" above described. In other words, the Comptroller found that claimant suffered these three groin injuries while at work and had to be operated for hernia but the Comptroller thought these were not "accidents". His basis for the latter conclusion was that the man had, as a congenital condition prior to any of these occurrences, "weak abdominal tissues". The conclusion of the Comptroller, therefore, was that since this man's abdomen was weaker than most a work strain producing a hernia would not be "an accident". To me, as to the unanimous Appellate Division, such a conclusion is as matter of law impossible, regardless of any supposed difference between the Retirement and Social Security Law and the Workmen's Compensation Law. As Justice HERLIHY put it at the Appellate Division: "When the petitioner picked up a 100-pound bag, and as a result of that act suffered a hernia, it was, in any concept of judicial interpretation, an accident."
The Matter of Odell v. McGovern case (308 N.Y. 678, 680) confirmed that as to these claims, as well as workmen's compensation *738 claims, the question of accident or no is to be determined according to the "common-sense viewpoint of the average man" and that it is only when reasonable minds may differ as to whether a particular occurrence is an accident that the Comptroller may exercise his independent judgment on that issue. In the present case the Comptroller has factually found occurrences and resulting physical conditions which cannot be reasonably considered as anything but accidents. A man in the course of his public employment picks up a heavy bag of salt, suffers severe groin pain, goes to a doctor, learns he has a hernia and is operated on. On another occasion, getting on or off his tractor, the same thing happens again. Some time later, handling a heavy airplane fuel hose, the same thing happens again. How these could be treated by anyone as other than "accidents" I do not understand. That he had a weak abdominal wall is the explanation of why he suffered hernias while another man would not, but they were still "accidents". This claim was not rejected by the Comptroller because of any inconsistencies or false testimony but solely on his theory that these work incidents, while they caused hernias necessitating surgery, were not "accidents".
The order should be affirmed, with costs.
Order reversed, etc.