■ In the Matter of JOHN J. LYNCH, Petitioner, v. ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.— HERLIHY, J. In this article 78 proceeding the petitioner seeks review of a determination of the Comptroller of the State of New York which denied retirement benefits. The petitioner, while in his employment, attempted to raise an overhead door, in the act of which his back " gave out ". He received medical treatment and eventually underwent an operation. Causal relation was conceded, but it was held that the incident was not an accident within the meaning of the Retirement and Social Security Law (§ 63). In *Matter of Demma* v. *Levitt* (11 N Y 2d 735) the petitioner, while lifting, suffered a double hernia which

the Comptroller determined not to be an accident. The court stated at page 737: "The findings and conclusions of the Comptroller, vested by statute with 'exclusive authority' to determine applications for benefits under the retirement provisions of the Retirement and Social Security Law, are supported by medical testimony in the record. In such a case, the independent judgment of the Comptroller, that the physical incapacity of respondent was not the natural and proximate result of an accident, must be accepted (*Matter of Croshier* v. *Levitt*, 5 N Y 2d 259)." This language is controlling as to the factual situation in this action. Determination confirmed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.