■ In the Matter of HUGH GORMAN, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of New York State Policemen's and Firemen's Retirement System, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. On December 5, 1963, while in the course of his duties as a member of the Nassau County Police Department, petitioner fell into an excavation and injured his back. On October 22, 1971, he applied for accidental disability which was denied by respondent. Petitioner thereafter made a request for a redetermination. After a hearing, the application was again denied and this proceeding ensued. Petitioner contends that respondent's determination that he is not incapacitated for performance of his duties as a patrolman is not supported by substantial evidence. We do not agree. It is well settled that the determination of the Comptroller if supported by substantial evidence deprives the court of power to disturb it. *(Matter of Croshier v Levitt,* 5 NY2d 259.) While petitioner offered medical proof that he was disabled and unable to perform his duties, Dr. Roth, an orthopedic surgeon, testified on behalf of the retirement system. He stated he had examined petitioner and given him certain tests; that he reviewed the several medical reports of other doctors who had examined or treated petitioner; and that he also studied and evaluated X rays of petitioner's spine. Finally, he testified that he found no positive objective findings of low back derangement. It was his opinion that there was "no objective reason why [petitioner] cannot perform all of the duties of

his position without prejudice to his well being." Considering the record in its entirety, we are of the opinion that there is substantial evidence to sustain respondent's determination of this factual issue and it, therefore, must be upheld. *(Matter of Cunningham v Levitt,* 40 AD2d 915; *Matter of Cohen v Levitt,* 36 AD2d 992.)* Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.