In the Matter of FRANCIS H. BUNNELL, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent.

Third Department, December 30, 1975

*Blitman & King (Charles E. Blitman* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. Petitioner, aged 47, was a firefighter for the City of Auburn for almost 24 years, when on May 25, 1970, while working in the firehouse, he felt a sharp pain in his chest which spread through his body. It is agreed that he suffered a myocardial infarction. It is also agreed that he had an underlying coronary atherosclerotic condition. The record further reveals that while petitioner was fighting a fire on April 11, 1970 and was engaged in stripping and pulling a hose, he felt severe pains in his chest, and that between that date and May 25, 1970 similar pains recurred.

Petitioner applied for accidental disability retirement benefits pursuant to sections 363 and 363-a of the Retirement and Social Security Law. Respondent found that petitioner was permanently disabled, but that the disability was not the natural and proximate result of an accident sustained in the performance of petitioner's duties as a firefighter.

Petitioner and respondent each produced a competent cardiologist. While the doctors agreed that petitioner was permanently disabled from performing his duties, petitioner's doctor testified that the work performed by petitioner on April 11, 1970 produced an injury which ultimately resulted in the myocardial infarction on May 25, 1970, and respondent's doctor testified to the contrary. Neither was of the opinion that the incident of the latter date was the direct cause of the infarction.

Prior to the enactment in 1969 of section 363-a of the Retirement and Social Security Law, our decision in the instant case undoubtedly would have been to confirm respondent's determination in view of our limited scope of review. (*Matter of Demma v Levitt,* 11 NY2d 735.) In 1969 the Legislature enacted section 363-a (L 1969, ch 1103), which in pertinent part provides: "Notwithstanding any provision of this chapter or of any general, special or local law to the contrary, any disability or death resulting from an injury to or impairment of the heart, caused by reason of and in the performance of duty as a fireman or policeman * * * *presumptively shall be deemed to be the natural and proximate result of an accident, in the absence of substantial evidence to the contrary"*. (Emphasis added.)

Our research fails to reveal any case interpreting this recently-enacted statute. A mere reading of it, in our view, clearly establishes that there is a presumption of "accident" if the petitioner proves his impairment was "caused by reason of

and in the performance of duty". This presumption, nevertheless, is rebuttable by substantial evidence to the contrary. The present record demonstrates that petitioner suffered a myocardial infarction while on the job and this, in our opinion, entitles him to the statutory presumption. A resolution of the controversy thus narrows to whether respondent has overcome that presumption by substantial evidence to the contrary. This, in turn, requires a determination of what constitutes substantial evidence within the context of section 363-a. The following language is found in the legislative memorandum accompanying its passage: "unless medical evidence or other proof to the contrary prevailed." (NY Legis Annual, 1969, p 89.) It might be argued that this language indicates that a more strict standard should be applied than that required by the common-law counterpart. Since the statute does not so state, however, and since the common and legally-recognized term of "substantial evidence" was used, we conclude that the common-law standard was intended.

Here, a competent cardiologist testified that the April 11 incident was "merely a possible transitory episode of coronary insufficiency" and that there was no evidence of heart failure on that date. He also testified that the infarction of May 25, 1970 was unrelated to the April 11 incident and that there was no causal relationship between petitioner's activities and the incident. Implicitly, respondent accepted this testimony. The presumption, in our opinion, was effectively rebutted by substantial evidence and we should not disturb respondent's determination.

The determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., KANE, KOREMAN and LARKIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.