■ In the Matter of CUTHBERT J. BEHAN, JR., Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of New York State Policemen's and Firemen's Retirement System, Respon-

dent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent which denied petitioner's application for accidental disability retirement benefits. In August of 1971 the petitioner sustained a myocardial infarction as the result of purely personal activities and while he was not on duty. For a period of about 24 hours, beginning the morning of June 9, 1973, the petitioner, while in the performance of his duties as a policeman, encountered emergency situations involving strenuous physical exertion on his part and falling down several times. About five days later he was hospitalized for acute pulmonary edema and cardiac complications. It is conceded that the petitioner is disabled from performing further duties as a police officer. The petitioner presented medical evidence that the 1973 heart failure was caused by the events of June 9, 1973 and not by the 1971 disability. The retirement system presented medical evidence that although the events of June 9, 1973 were the immediate cause of the pulmonary edema, the disability was actually the result of insufficient heart muscle reserve or capacity caused by the 1971 myocardial infarction, and that the pulmonary edema was not the cause of the present disability of insufficient capacity of the heart. The doctor testified: "The problem of acute pulmonary edema or acute congestive heart failure is a temporary thing which is reversible. It's a physiologic effect. It doesn't result in and of itself [in] any permanent damage or any permanent disability. The disability is related to the cause of the condition, not due to the condition itself." The respondent found that "the incident which the applicant sustained in June, 1973 * * * does not constitute an accident within the meaning of section 363 of the Retirement and Social Security Law." Pursuant to the provisions of section 363-a of the Retirement and Social Security Law (as amd by L 1969, ch 1103, § 1 & L 1973, ch 1046, §§ 30, 31, also further amd by L 1974, ch 967, § 1) the June, 1973 incident would be presumptively an accident sustained as the result of the petitioner's duties as a policeman. In both the 1969 and 1973 versions of the said section 363-a, however, the presumption is rebuttable. In the 1969 version it could be rebutted by "substantial" evidence to the contrary *(Matter of Bunnell v New York State Policemen's & Firemen's Retirement System,* 50 AD2d 244) and in the 1973 version "competent" evidence is required to rebut it. As noted in the *Bunnell* case *(supra),* the words "substantial evidence" have a well-ascertained legal meaning and the words "competent evidence" are no less well-known in the law. In the present case the medical evidence on behalf of the retirement system is both competent and substantial evidence to support the determination of the respondent. If the Legislature intended to provide benefits upon a mere showing of a passing disability related to official duties, the presumption would not have been made rebuttable. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.