■ In the Matter of GEORGE G. CONN, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller of the State of New York which denied petitioner's application for accidental disability retirement benefits under section 363 of the Retirement and Social Security Law. Petitioner had been employed by the City of Yonkers as a fireman for approximately 20 years. In response to a general alarm fire on the evening of January 14, 1973, he was directed to the roof of an involved eight-story building. After several trips to the roof, and while he was alone at the top of a ladder tending a pipe feeding water on the blaze, he became faint, experienced difficulty in breathing, felt a burning and sweating sensation in his chest, and almost lost consciousness. He was able to hold on to the ladder and gradually lower himself to ground level, where he rested for about an hour. Later he was again ordered to the top floor of the building to pull down ceilings with hooks, but the same distressing symptoms reappeared. This time he was removed from the building and taken to a hospital. On March 26, 1973 petitioner filed an application for accidental disability retirement benefits contending that the events of January 14, 1973 had produced permanent heart damage rendering him incapacitated by accidental means. At a hearing conducted by the respondent Comptroller, it was revealed that petitioner had previously been hospitalized in May of 1972 at which time an electrocardiogram had disclosed the existence of a left bundle branch block. An expert medical witness testifying on petitioner's behalf was of the opinion that his exertions on January 14, 1973 produced a subendocardial infarction which was both permanent and irreversible. Respondent's medical expert disagreed, concluding that while his activities that evening brought forth the symptoms necessitating his hospitalization, the incident itself merely produced a temporary and reversible coronary insufficiency and attributed petitioner's present disability to his underlying coronary atherosclerosis. Respondent determined that petitioner was not entitled to the presumption afforded by section 363-a of the Retirement and Social Security Law; found that although petitioner is disabled, his disability is not the natural and proximate result of an accident, and, accordingly, denied his application for benefits. There was no proof that petitioner had successfully passed a physical examination which failed to disclose evidence of any disease or other impairment of the heart prior to his entry into service as a fireman. As the party seeking the benefit of a statutory presumption, he was required to satisfy its terms (Retirement and Social Security Law, § 363-a, subd 3; *Matter of Bunnell v New York State Policemen's & Firemen's Retirement System,* 50 AD2d 244) and, having failed to do so, the Comptroller correctly refused to apply it. This matter is thus reduced to a review of whether substantial evidence supports respondent's determination that petitioner

was not disabled as the result of an accident. In our view it does *(Matter of Demma v Levitt,* 11 NY2d 735; *Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Cunningham v Levitt,* 40 AD2d 915). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.