In the Matter of MELVIN CHAYUT, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.

Third Department, July 22, 1976

*Michael Davidoff* for petitioner.

*Louis J. Lefkowitz Attorney-General (Winifred C. Stanely* and *Ruth Kessler Toch* of counsel), for respondent.

KANE, J. Petitioner, a Sullivan County Deputy Sheriff, was ordinarily engaged in photography and fingerprinting services, but on the afternoon of September 25, 1972 he was directed to assist in a search for an escaped chimpanzee. He proceeded through difficult and hilly terrain, encumbered somewhat by a carbine, walkie-talkie and revolver, becoming sweaty and short of breath. After resting for a while and performing other assignments, he returned home at the completion of his regular tour of duty and experienced chest pains which made it impossible for him to sleep. Early the next morning, following a conversation with his physician, petitioner admitted himself to a hospital where he sustained, according to his testimony, a massive and disabling heart attack. Respondent has denied his application for benefits on the ground petitioner's disability was not the natural and proximate result of an "accident" under section 63 of the Retirement and Social Security Law and this proceeding ensued.

Substantial evidence does not support the present determination and, in any event, it is apparantly founded on an erroneous interpretation of prior case law.

There was little factual dispute at the hearing conducted on petitioner's application. The fact of his disability was assumed and he described the foregoing activities with some corroborative assistance from other witnesses on his behalf. However, no medical evidence whatsoever was produced. No attempt was made to verify petitioner's pre-existing physical condition, and the relation, if any, between his work efforts on September 25, 1972 and the assumed impairment from which he now suffers was not even explored. Instead, counsel for the respondent urged rejection of his application at the conclusion of the hearing upon the sole ground that over-exertion resulting in heart impairment could not constitute an "accident" within the meaning of section 63 of the Retirement and Social Security Law, citing a long line of cases such as *Matter of*

*Demma v Levitt* (11 NY2d 735); *Matter of Croshier v Levitt* (5 NY2d 259); *Matter of Honeyman v Levitt* (34 AD2d 1076); *Matter of Lynch v Levitt* (25 AD2d 911); *Matter of Group v McGovern* (8 AD2d 885); *Matter of McCadden v Moore* (276 App Div 490, affd 301 NY 760). The hearing officer accepted this argument and sustained respondent's determination relying on *Matter of Croshier (supra)*. Thus, wholly devoid of medical support, respondent's determination of no "accident" must rest upon legal conclusions drawn from the foregoing authorities for, quite plainly, the only "evidence" developed at the hearing was to the uncontradicted effect that petitioner's unusual exertions precipitated a disabling heart condition. No explanation for the disability, other than the proffered "accident", appears from this record.

It is quite true that the foregoing decisions, especially *Matter of Croshier (supra)*, stand for the proposition that the Comptroller may decide certain events do not constitute an "accident", provided his determination is based on substantial evidence. Contrary to respondent's arguments, however, they do not announce a positive rule of law that work-related exertions can never amount to such an accident. In *Matter of Demma (supra)* and *Matter of Croshier (supra)* it appears that the workers had some related pre-existing condition, whereas the employees in the remaining cases were found or may be said to have been performing ordinary duties when stricken. In the first group then, while an "accident" may have been involved, the disability arose from causes distinct from that work activity, and in the second category, though the disability was caused by a work related experience, the incident itself was not truly accidental in nature. Similar theories are discernible in recent decisions of this court involving the Policemen's and Firemen's Retirement System where the Legislature has supplied a presumption favoring the disabled worker in apparent response to the Comptroller's restrictive interpretations (see Retirement and Social Security Law, §§ 363, 363-a; *Matter of Conn v Levitt,* 52 AD2d 1021 [May 26, 1976]; *Matter of Behan v Levitt,* 52 AD2d 963 [May 6, 1976]; *Matter of Bunnell v New York State Policemen's and Firemen's Retirement System,* 50 AD2d 244). Nevertheless, it seems quite obvious in this case that respondent has mistakenly transformed case law upholding his authority to determine what constitutes an accident, when based on substantial evidence, into a rule denying an accidental nexus by using such decisions as a replacement for the exercise of an indepen-

dent judgment. On remittal, it may well be discovered that this petitioner was not disabled as the result of an accident on September 25, 1972, either because medical evidence supports a finding that the disability arose from factors unrelated to his work which developed before or after that date, or because his activities on that day, though different, were the ordinary efforts expected of a deputy sheriff. In either situation, findings must be made based on substantial evidence before any such determination could properly be reached.

The determination should be annulled, with costs, and the matter remitted for further proceedings not inconsistent herewith.

KOREMAN, P. J., SWEENEY, MAIN and LARKIN, JJ., concur.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.