In the Matter of JOHN W. DONAHUE, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.

Third Department, December 30, 1976

*Michael LoPinto* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Winifred J. Stanley* and *Ruth Kessler Toch* of counsel), for respondents.

SWEENEY, J. The facts are not disputed. Petitioner, a maintenance mechanic employed by the New York State Department of Transportation, was injured on December 6, 1973 while in the performance of his regular duties. On that day petitioner was descending from the roof of a truck on which he was working when the box onto which he was stepping tipped over and he lost his balance. At the time he was some two and one-half feet from the garage floor and in order to break his fall he took hold of the mirror brackets on the truck. His body twisted around and he then grasped the truck's door handle, stepped onto the gas tank, and stepped down to the floor. Petitioner has been unable to return to work since this incident occurred. He applied for accidental disability retirement and following a hearing, it was determined that the incident of December 6, 1973 did not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law and petitioner's application was disapproved. Thereafter the State Comptroller affirmed the hearing officer's disapproval. Petitioner then insti-

tuted this article 78 proceeding to review the State Comptroller's final determination.

Since the Comptroller has "exclusive authority" to determine applications for retirement or benefit, his determination must be affirmed if supported by substantial evidence (*Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Clark v Levitt,* 50 AD2d 695). The sole issue to be determined, therefore, is whether there is substantial evidence to sustain respondent's conclusion that the incident in question was not an accident. This court recently enunciated a pattern discernible from previous cases dealing with the question of what constitutes an accident as that term is used in the Retirement and Social Security Law (*Matter of Chayut v Levitt,* 53 AD2d 322). In some decisions where an accident may have been involved, the disability arose from causes distinct from the work activity (*Matter of Demma v Levitt,* 11 NY2d 735; *Matter of Croshier v Levitt, supra*). In other cases, although the disability was caused by a work related experience, the incident itself was not truly accidental in nature (*Matter of Honeyman v Levitt,* 34 AD2d 1076; *Matter of Lynch v Levitt,* 25 AD2d 911; *Matter of Group v McGovern,* 8 AD2d 885). In all of these cases no "accident" was found within the meaning of the Retirement and Social Security Law.

From an examination of the record it is clear that we are not here concerned with that group of cases dealing with disability found to be the result of a pre-existing condition. Furthermore, we are of the opinion that contrary to respondent's determination, the incident in question was truly accidental in nature and as a matter of law we so find. The petitioner in the present case was performing ordinary work activities, but the incident itself was not a normal work occurrence. The paramount fact is the tipping over of the box which petitioner was utilizing in attempting to descend to the floor. This, as found by the respondent, caused petitioner to lose his balance. Such an incident, in our opinion, can only be viewed as truly accidental in nature. Therefore, based on the record as a whole, we find no substantial evidence to support the Comptroller's determination.

The determination should be annulled, with costs, and the matter remitted for further proceedings not inconsistent herewith.

KOREMAN, P. J., MAIN, LARKIN and HERLIHY, JJ., concur.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.