In the Matter of ANTHONY D'ALESSANDRO, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of the New York State Policemen's and Firemen's Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner an accidental disability retirement allowance. On November 12, 1973, petitioner, as part of his duties in the Nassau County Police Department's Maintenance Bureau, helped install a ceiling. Installation required repeated firings of an 8- to 10-pound stud gun, loaded with a .22 cal. cartridge, that caused a significant recoil each time it was triggered. Although feeling lightheaded and weak, petitioner remained on the job for the entire afternoon. He was unable to return to work the following day and has not returned since. Petitioner contends that respondent erred in ruling that the events of November 12, 1973 did not constitute an accident within the meaning of section 363-a of the Retirement and Social Security Law. Petitioner also argues that this section retained the presumption that a heart impairment was the natural and proximate result of an accident, even after the 1974 amendment deleted the provision which raised the presumption (L 1974, ch 967, § 1). Petitioner also objects to the Comptroller's usurpation of the hearing officer's power to finally determine the matter. We recently disposed of petitioner's claim that section 363-a of the Retirement and Social Security Law retained the accidental causation presumption for policemen after the amendment removed the provision. In *Matter of Acciavatti v Levitt* (57 AD2d 131), we held that a claimant must show his impairment to be the result of an accident. We consider *Acciavatti* to be

conclusive and no presumption of an accident arises. Turning to the claim that petitioner's injury was the result of an accident, we reiterate that the Comptroller may decide that certain events do not constitute an accident, provided his determination is based on substantial evidence *(Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Donahue v Levitt,* 55 AD2d 240). The denial of benefits may rest on a finding that the incident was not truly accidental in nature *(Matter of Chayut v Levitt,* 53 AD2d 322; *Matter of Lynch v Levitt,* 25 AD2d 911; *Matter of Group v McGovern,* 8 AD2d 885). We hold that the record contains ample evidence to support such a determination in this case. Finally, the Comptroller is vested with exclusive authority to determine all applications for retirement benefits (Retirement and Social Security Law, § 374). Subdivision f allows him to delegate the duties he is required to perform. However, nothing in the statute commands a ruling that the Comptroller relinquishes all authority when delegating his duties. Such a determination is contrary to the statutory establishment of ultimate responsibility in the Comptroller's office and could be disruptive to the legitimate end of uniformity of treatment for all prospective beneficiaries. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.