■ In the Matter of FRANCIS DEOS, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner, an employee of the State of New York for approximately 22 years, was injured on February 17, 1974 while working as a Mental Hygiene Therapist's Aid on the geriatrics ward of the Central Islip State Hospital in Central Islip, New York. The petitioner's duties were those of an attendant and consisted of keeping watch over the patients and generally attending to their needs which included placing them in wheelchairs when necessary. When staffing permitted, two attendants were employed in transferring each patient from his bed to a wheelchair. The procedure consisted in placing the chair against the side of the bed and "sliding" the patient into it, each attendant holding the patient under an arm. When staffing was short, the attendants worked alone. Petitioner

testified at a hearing that he injured his back while transferring a patient unassisted from his bed to a wheelchair. The patient had been the victim of a stroke and was partially paralyzed. The petitioner said he placed a wheelchair at the side of the patient's bed, lifted him to a sitting position, locked his arms around his chest from behind, and "pulled" him off the bed onto what he believed to be the wheelchair. The wheelchair was not where petitioner had expected it to be and he was forced to maintain his hold upon the patient in order to prevent him from falling to the floor until he located the wheelchair and placed the patient in it. While doing this, petitioner experienced a "twinge in [his] back." Petitioner continued working for three or four days following the incident, but, thereafter, was unable to work. A witness and coworker, Ramon Rodriguez, also testified at the hearing. He described the incident as having been caused by the patient, who, he stated, had moved the wheelchair with this left arm while being assisted from bed. The petitioner, in a signed statement dated October 2, 1975, admitted to having had previous back problems at work including a similar back injury in 1972 when, while working with two others, he was injured pulling a patient from a bed into a wheelchair. Further, petitioner, in his statement made no mention of any movement of the wheelchair and stated that the injury in question occurred when he was moving a patient with the help of an assistant. Respondent found that the incident in which petitioner was injured did not constitute an accident within the meaning of that term as used in section 63 of the Retirement and Social Security Law. Under subdivision b of section 74 of the Retirement and Social Security Law the respondent is vested with "exclusive authority to determine all applications for any form of retirement". It is well settled that respondent's exclusive authority to determine what constitutes an accident will not be disturbed if supported by substantial evidence (*Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Clark v Levitt,* 50 AD2d 695). However, this court requires a careful review in cases involving the question of what constitutes an accident as that term is used in the Retirement and Social Security Law (*Matter of Donahue v Levitt,* 55 AD2d 240; *Matter of Chayut v Levitt,* 53 AD2d 322). If there is substantial evidence from which a person may conclude that the incident in question did not constitute an "accident" within the meaning of section 63 of the Retirement and Social Security Law, then we must sustain the determination of the respondent. Petitioner was injured while transferring a patient from his bed to a wheelchair. It was an activity he had engaged in "many times" both assisted and unassisted and was one of the usual duties performed by the therapist's aides on the geriatric ward. That the wheelchair may move in performing this task is not wholly "unexpected," but rather, it is a recognized risk inherent in such activity. Further, in accomplishing such transfers, a substantial part of the activity consists of supporting the weight of the patient. Although petitioner may have been forced to bear the weight of the patient longer than he had anticipated because the wheelchair was not where he had believed it would be, it cannot be said that reasonable minds might not fairly differ whether this was indeed an "accident". In view of all the evidence, including petitioner's signed statement, we find that there is substantial evidence from which respondent could reasonably conclude that petitioner's disability resulted from physical strain in the ordinary performance of his duties (see *Matter of Group v McGovern,* 8 AD2d 885). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.