■   In the Matter of MILDRED S. MEYER, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller of the State of New York, which denied petitioner's application for accidental death benefits. For approximately three years prior to his death, Officer Meyer, petitioner's husband, was assigned by the Nassau County Police Department to "high accident frequency locations" where his primary duty was the enforcement of the Vehicle and Traffic Law. He issued many summonses for traffic violations as part of his regular duties. In a substantial number of cases, persons who had received a traffic ticket complained to Meyer's superior. The usual method of resolving such complaints was a separate interview by the superior of Meyer and the complainant. On September 10, 1974 Detective Schoenberger, a fellow officer, complained to his superiors that Officer Meyer "was picking on his family" by issuing summonses to his son or son-in-law. With Meyer's commanding officer on vacation, the officer in charge, Inspector Mangan, believing the situation not to be serious, set up a meeting attended by Meyer, Schoenberger, Mangan and Captain Cotton. When Meyer was informed of the complaint after arriving at the meeting, he became visibly upset and tense. It appeared that there was some personal animosity between Meyer and Schoenberger, who were neighbors, as Meyer complained that for a year and a half he and his wife had been harassed by such activities on the part of members of Schoenberger's family as loud motorcycle rides and the shouting of obscenities. The meeting concluded with Schoenberger promising to attempt to remedy the situation and with an agreement by Inspector Mangan and Captain Cotton to contact Schoenberger if there were further complaints by Officer Meyer. After this, Inspector Mangan told Meyer to go back to his post, at which point Meyer collapsed in his chair. Meyer was pronounced dead at Nassau Hospital, with the cause of death listed as coronary thrombosis. Petitioner's application for accidental death benefits was ultimately denied by a decision of the hearing officer for the respondent Comptroller, dated March 9, 1976. On reconsideration of this decision, brought on pursuant to a stipulation between petitioner and the respondent Retirement System, the hearing officer, by decision dated December 2, 1976, adhered to his original determination disallowing benefits. Section 361 of the Retirement and Social Security Law provides that an accidental death benefit shall be payable upon the death of a member who: "1. Died before the effective date of his retirement, as the natural and proximate result of an accident sustained in the performance of duty in the service upon which his membership was based". Subdivision 2 of section 363-a of the Retirement and Social Security Law provides, in pertinent part, that "any condition of impairment of health caused by diseases of the heart, resulting in disability or death to a policeman, presently employed, and who shall have sustained such disability while so employed, shall be presumptive evidence that it was incurred in the performance and discharge of duty". While this presumption is applicable to the instant case, it in no way relieves the petitioner from demonstrating, as required by section 361, that the death was the proximate result of an accident (Matter of Acciavatti v Levitt, 57 AD2d 131). We agree with the conclusion of the respondent Comptroller, as set forth in the decision of his hearing officer, after reconsideration of this matter in light of our decision in Matter of Chayut v Levitt (53 AD2d 322) that "While the decedent's

conversation with Schoenberger was somewhat different from the usual confrontations with persons in the performance of his duties, it was with ordinary effort expected of a police officer. There was no accident of any kind." *Matter of Chayut v Levitt (supra)* is distinguishable in that the work-related activities of the decedent therein preceding the disabling heart attack required great physical exertion in sharp contrast to his ordinary sedentary duties. The finding herein is supported by substantial evidence and, accordingly, must be affirmed *(Matter of Demma v Levitt,* 11 NY2d 735; *Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Honeyman v Levitt,* 34 AD2d 1076). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Staley, Jr., Main and Larkin, JJ., concur.