■ In the Matter of FREDERICK BALLOU, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner, employed as a machinist by the New York State Department of Transportation, Canal Division, at Syracuse, New York, sustained an incapacitating injury to his back while lifting one end of an angle iron weighing approximately 250 to 350 pounds, which was lying across an I-beam that he needed to prepare a long shaft to be used for a canal lock. Petitioner applied for accidental disability retirement, which was denied by the Comptroller on December 22, 1977. At petitioner's request, a hearing was held on July 11, 1978, at which petitioner's doctor testified that he was born with spinal stenosis, and that as he got older degenerative arthritis changes developed in his spine and that this lifting episode aggravated a pre-existing condition. Petitioner testified that working with beams and shafts was part of his ordinary responsibilities, including the lifting of these larges pieces of metal by hand, and that, on November 14, 1975, he was pursuing his regular, ordinary duties. The hearing officer determined that petitioner's injury was not truly accidental in nature and that it was precipitated by physical exertion in the performance of his usual and customary work (Matter of Chayut v Levitt, 53 AD2d 322). On September 27, 1978, petitioner's application was denied and, on October 10, 1978, he commenced this proceeding to review that determination. "Under subdivision b of section 74 of the Retirement and Social Security Law the respondent is vested with 'exclusive authority to determine all applications for any form of retirement'. It is well settled that respondent's exclusive authority to determine what constitutes an accident will not be disturbed if supported by substantial evidence (Matter of Croshier v Levitt, 5 NY2d 259; Matter of Clark v Levitt, 50 AD2d 695). * * * If there is substantial evidence from which a person may conclude that the incident in question did not constitute an 'accident' within the meaning of section 63 of the Retirement and Social Security Law, then we must sustain the determination of the respon-

dent." *(Matter of Deos v Levitt,* 62 AD2d 1121, 1122.) In view of all of the evidence, we find that there is substantial evidence from which respondent could reasonably conclude that petitioner's disability resulted from physical exertion in the performance of his usual and customary work and did not constitute an accidental injury. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.