■ In the Matter of John R. Anguish, Petitioner, v Edward V. Regan, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. On June 19, 1977, petitioner, a correction officer, slipped on a stairway while making his hourly security check at the Auburn Correctional Facility. Petitioner grabbed some grill work to prevent himself from falling and he completed his tour of duty that night and the next night. He subsequently discovered, however, that he had suffered a ruptured disc in his back, and he filed an application for accidental disability retirement on January 12, 1979. Petitioner's application was denied upon the ground that he had not sustained an accident within the meaning of section 63 (subd a, par 2) of the Retirement and Social Security Law, and this proceeding ensued. Petitioner contends that the Comptroller erred in ruling that there had been no accident within the meaning of the statute. We have previously confirmed determinations by the Comptroller denying accidental disability benefits for back injuries sustained during the performance of ordinary duties as the result of incidents which are recognized risks inherent in the activities being performed (e.g., *Matter of Policastro v Regan,* 73 AD2d 745; *Matter of Hill v Levitt,* 67 AD2d 1071; *Matter of Deos v Levitt,* 62 AD2d 1121). The evidence here establishes that the stairway was well lit and free of debris and that there were no loose stair treads, railings or other equipment that caused petitioner to slip. Accordingly, there is substantial evidence to support the Comptroller's determination that petitioner's back injury, sustained in his successful recovery from slipping on the stairway, was caused by a risk inherent in the performance of his routine duties (cf. *Matter of Castricone v Regan,* 75 AD2d 929). The determination, therefore, will not be disturbed *(Matter of Croshier v Levitt,* 5 NY2d 259). Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.