In the Matter of CHARLES BERBENICH, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. On March 1, 1976, as part of his duties as a police officer in the Spring Valley Police Department, petitioner responded to a burglar alarm call at the Dutch Reformed Church with Officer John Tallman. The officers found a broken pane of glass on the west side of the building and unlocked doors at the back of the building which had previously been found to be locked by petitioner. The officers entered the church and attempted unsuccessfully to reset its alarm system. Concerned that someone might still be on the premises, they proceeded to check its rooms. When they entered the darkened kitchen, its lights went on. Officer Tallman signaled to the petitioner that he heard sounds on the other side of the wall. Tallman moved to open the door and signaled the petitioner to cover him. Petitioner drew his gun. The door flew open unexpectedly and petitioner's gun discharged, tragically killing the pastor of the church. Unbeknownest to the officers, the pastor had been summoned to the church by the police department. It is undisputed that, as a result of these events, petitioner has become emotionally disabled from performing his duties as a police officer. The Comptroller found that these tragic events which caused petitioner's disability did not constitute an accident within the meaning of section 363 of the Retirement and Social Security Law. The Comptroller found that petitioner's injuries resulted from petitioner's expected and foreseeable duties and were not accidental in nature. The Comptroller has exclusive authority under section 374 of the Retirement and Social Security Law to determine all the applications for any form of retirement and his determination in such matters must be confirmed if supported by substantial evidence in the record (*Matter of Deos v Levitt*, 62 AD2d 1121; *Matter of D'Alessandro v Levitt*, 59 AD2d 967; *Matter of Donahue v Levitt*, 55 AD2d 240). There is substantial evidence in the record supporting the Comptroller's findings and the determination must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J.P., Main, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J., dissents and votes to annul in the following memorandum. Kane, J. (dissenting). The respondent Comptroller specifically found that petitioner is incapacitated as the result of a March 1, 1976 incident in which he unintentionally pulled the trigger of his service revolver. Nevertheless, his application for accidental disability retirement benefits has been denied on the ground petitioner was performing the reasonable, expected and foreseeable duties required of him as a police officer. Citing *Matter of Hill v Levitt* (67 AD2d 1071), *Matter of Deos v Levitt* (62 AD2d 1121) and *Matter of Chayut v Levitt* (53 AD2d 322), respondent concluded that injuries resulting from the performance of such duties are not accidental in nature. The first two cases, those mentioned by the majority, and the ultimate

disposition of *Matter of Chayut v Levitt* (70 AD2d 701) are representative of a consistent line of decisions by this court upholding rulings by the Comptroller that certain work-related experiences are not truly accidental (see, e.g., *Matter of Panek v Regan,* 81 AD2d 738; *Matter of Odell v McGovern,* 283 App Div 585, affd 308 NY 678), but since each presented a factual pattern on which "reasonable minds might fairly differ" as to whether there was an accident (cf. *Matter of Odell v McGovern,* 308 NY 678, 680, *supra),* we were required to "respect the legislative direction that the Comptroller shall have 'exclusive authority to determine all applications for any form of retirement or benefit', when his conclusion is not unreasonable" *(Matter of Croshier v Levitt,* 5 NY2d 259, 266; see Retirement and Social Security Law, § 74, subd b). Here, respondent's conclusion proceeds from an unwarranted view of a police officer's functions and is most unreasonable. Petitioner, the only person who could supply immediate details concerning the event, portrayed the discharge of his weapon as an unintentional act, a sudden and unexpected occurrence arising from unknown causes. In short, his testimony described an accident as that term is commonly understood (see 1 CJS, Accident). Had it been found that he fired the weapon in the belief such action was necessary to protect himself or his partner, it would be plausible to associate the happening with the duties of his position for police officers are aware that situations calling for the use of deadly force might develop in the course of their work and are trained to deal with them. In this case, however, it was found that the trigger was activated unintentionally. By any rational standard it is impossible to label the completely unforeseen discharge of a police officer's service revolver as the performance of his normal duties. Accordingly, while petitioner was engaged in ordinary work activity, the particular incident can only be regarded as accidental in nature (cf. *Matter of Donahue v Levitt,* 55 AD2d 240). Respondent's contrary determination is arbitrary and should be annulled.