In the Matter of CLEMENTEEN ATKINS, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement benefits. Petitioner was employed as a school aide at a preschool program for retarded children. One of her duties was to assist the children in getting off the bus, for which she was given specific training in how to lift children. Following an injury to her right arm and neck while lifting a child from the school bus on January 16, 1976, petitioner became disabled and her application for accidental disability retirement benefits was denied by the Comptroller on the ground that the incident in question did not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law. This article 78 proceeding to review that determination ensued. It is well established that the Comptroller is vested with exclusive authority in determining all forms of retirement applications (Retirement and Social Security Law, § 74, subd b) and, therefore, his determination that a particular incident did not constitute an accident should be upheld if supported by substantial evidence. Since the performance of duties ordinarily and normally expected of an applicant which result in the onset of physical disability do not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law *(Matter of Sorge v Levitt,* 71 AD2d 767), the Comptroller's determination must be upheld since it is undisputed that petitioner's disability resulted from physical exertion in the performance of her usual and customary work *(Matter of Ballou v Levitt,* 70 AD2d 1000). Petitioner's mistaken belief that she suffered an "accident" because she did not expect to incur an injury when lifting the child does not require a contrary result. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.