■ In the Matter of EDWARD WALLACE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits.

In this proceeding, petitioner challenges the Comptroller's determination denying him accidental disability retirement benefits under the New York State Policemen's and Firemen's Retirement System. Petitioner offered proof at the hearing tending to show permanent injuries to his neck sustained in two separate incidents occurring on January 25, 1975 and January 15, 1977, respectively. In the first, petitioner slipped on an icy step and fell on the back of his head and neck as he exited a bookmobile with a group of residents he was supervising at the Masten Park Rehabilitation Center in Buffalo. As a result of this injury, petitioner remained out of work several weeks due to recurrent neck pain, and after returning to work for a time, was laid off in March, 1976. In the second, petitioner, while working as a security officer at Attica Correctional Facility, attempted to quell a fight that had erupted among the inmates he was escorting to night recreation and one of the inmates landed on petitioner's left foot, causing his neck to extend. Petitioner complained of discomfort and has not worked since July 28, 1977.

Petitioner's physician testified at the hearing that his physical examination of petitioner in February, 1980 revealed, in his opinion, that petitioner was permanently incapacitated for performance of duty as a correction officer, since petitioner's neck had been hyperextended and further aggravation could cause petitioner to become a paraplegic or even to die. The retirement system experienced difficulty in procuring its medical experts to testify. The reports of these experts were submitted to petitioner's attorney for review, with a request that they be admitted into evidence by the hearing officer without reinstituting the hearing. No reply from petitioner's attorney was ever received to this request and the hearing officer eventually admitted the reports into evidence. The hearing officer then found that petitioner failed to prove that the first incident, occurring on January 25, 1975, although an accident, was the proximate cause of

his permanent incapacity or that the second incident, occurring on January 15, 1977, was an accident within the meaning of section 63 of the Retirement and Social Security Law. Respondent agreed and denied benefits. His determination, being supported by substantial evidence, must be affirmed.

Although the incident of January 25, 1975 could be considered an accident within the statute (cf. *Matter of Anguish v Regan,* 80 AD2d 695), the critical inquiry is whether this accident caused petitioner's alleged present incapacitation. Even petitioner's physician roots petitioner's potentially severe problems in the January, 1977 incident and not in the accident occurring in January, 1975. The 1977 incident, as found by respondent, was a risk inherent in the job duties of a correction officer and cannot, therefore, be considered an accident under the statute (*Matter of Basile v Levitt,* 70 AD2d 999, mot for lv to app den 48 NY2d 606; see, also, *Matter of Atkins v Regan,* 84 AD2d 619). The written reports submitted by the retirement systems' medical experts, which were properly admitted by the hearing officer when petitioner failed to answer the request to stipulate such reports into evidence, supply the substantial evidence to support this conclusion. Petitioner, having failed to respond initially to the request, cannot now complain because the decision rendered is unfavorable to him. Such objections are precluded on appeal if not raised at the administrative level (see *Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25, 27). The determination of respondent must therefore be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.