◼ In the Matter of LYNN BASILE, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement benefits. Petitioner, a correction officer responsible for the care, custody and control of inmates at the Nassau County Correctional Facility, responded to a call for assistance at the medical tier where an inmate having an apparent seizure was hiding under a bed in her cell. Petitioner and her partner bent down and together grabbed the inmate's arm and leg and pulled her out from under the bed. When petitioner then tried to stand up, she "felt pain in [her] lower back" and "couldn't stand fully erect". After completing other assignments, "the pain became unbearable" and petitioner was taken to a hospital. Respondents stipulated that petitioner was injured as a result of the incident, but contended that nevertheless it did not constitute an accident. The Comptroller determined that the incident did not constitute an accident and, accord-

ingly, denied petitioner's application for accidental disability retirement. The Retirement and Social Security Law provides, in part, that accidental disability retirement benefits shall be allowed where the disability is the result of an "accident" (Retirement and Social Security Law, § 63, subd a, par 2). The Comptroller is vested with "exclusive authority" to determine all applications for any form of retirement (Retirement and Social Security Law, § 74, subd b) and, therefore, the issue is whether his determination that the incident did not constitute an accident is supported by substantial evidence (*Matter of Croshier v Levitt,* 5 NY2d 259, 265-266). Based upon the undisputed facts of this case, the Comptroller could rationally determine that the incident was not an accident since any disability resulted from activities in the ordinary performance of petitioner's duties (*Matter of Deos v Levitt,* 62 AD2d 1121). Furthermore, a further hearing on the medical aspects of this case is not required under *Matter of Chayut v Levitt* (53 AD2d 322), since there, no attempt was made to verify the petitioner's pre-existing physical condition and its relation to his work efforts on the day he was injured. Here, however, since petitioner testified that prior to the incident on April 18, 1976 she had never experienced any problems with her back, a medical hearing is unnecessary. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.