■ In the Matter of Leo Nicotera, Petitioner, v Edward V. Regan, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. At the hearing on his application for accidental disability retirement benefits, petitioner testified that he experienced chest pains while lifting 35- to 50-pound cartons from an office floor. He received emergency medical treatment and was later advised that he had sustained a heart attack. Normally, a heavy equipment operator for the City of Utica, petitioner had been temporarily assigned to perform general office duties two or three weeks before this incident. He had been lifting the cartons in order to prepare the floor for mop cleaning. Respondent denied the application on the ground the incident did not constitute an accident within the meaning of the Retirement and Social Security Law and this proceeding ensued. The determination should be confirmed because it is supported by substantial evidence. Petitioner's responsibilities included office cleaning and he had previously mopped the floor in question. In fact, he had admittedly lifted boxes on several prior occasions in carrying out his tasks. Thus, even if it is assumed that petitioner had no pre-existing condition and was actually disabled by this event, it was entirely rational for respondent to conclude from these undisputed facts that there was nothing truly accidental in the nature of the incident itself *(Matter of Basile v Levitt,* 70 AD2d 999, mot for lv to app den 48 NY2d 606; *Matter of Chayut v Levitt,* 70

AD2d 701; *Matter of Deos v Levitt,* 62 AD2d 1121). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.