In the Matter of MORTIMER POLICASTRO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. Petitioner made application for accidental disability retirement benefits on May 26, 1976, under section 63 of the Retirement and Social Security Law, for injuries sustained while at work on June 4, 1970. The record reveals that on that day petitioner and a coworker, both custodians in the employ of Suffolk County, were instructed to clean and wax the floor of a room in the County Police Department building. In the furtherance of that assignment, as the men were removing a desk from the room, petitioner's companion allowed the desk to strike the door casing, thus abruptly halting petitioner's forward movement and causing him to bend sharply at the waist, with resultant injury to his back. Following a hearing, the respondent denied the application upon the ground that the incident occurred while the petitioner was performing a specific act relating to his regular duties and did not constitute an accident within the meaning of the Retirement and Social Security Law. This appeal ensued. Section 63 (subd a, par 2) of the Retirement and Social Security Law provides, in relevant part, that accidental disability retirement benefits will be allowed where the established disability is the result of an accident. Subdivision b of section 74 of the Retirement and Social Security Law vests the Comptroller with exclusive authority to determine all applications for any form of retirement. It is well established that respondent's exclusive authority to determine what constitutes an accident will not be disturbed if supported by substantial evidence (*Matter of Croshier v Levitt,* 5 NY2d 259; *Matter of Clark v Levitt,* 50 AD2d 695). The substantial evidence question is the sole issue presented. Upon the undisputed facts, the Comptroller could rationally determine that the occurrence or incident was not an accident for the reason that any disability clearly resulted from activity in the ordinary performance of the petitioner's regular duties and from a recognized risk inherent in that activity and was not unexpected (see *Matter of Nicotera v Regan,* 72 AD2d 863; *Matter of Basile v Levitt,* 70 AD2d 999, mot for lv to app den 48 NY2d 606; *Matter of Selinger v Levitt,* 65 AD2d 668; *Matter of Tremblay v Levitt,* 65 AD2d 901; *Matter of Meyer v Levitt,* 64 AD2d 743; *Matter of Deos v Levitt,* 62 AD2d 1121). Accordingly, we find that there is substantial evidence to support the Comptroller's conclusion that petitioner's disability resulted from physical activity in the ordinary performance of

his duties. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.