■ In the Matter of LYLE GALUTIA, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. Initially, petitioner's application for accidental disability benefits was denied on the ground that the incident of April 24, 1973 was not an accident within the meaning of section 63 of the Retirement and Social Security Law. During a hearing, he was granted leave to amend his application to include a 1964 incident to support his application. The application was again denied on the ground that petitioner's disability was not the natural and proximate result of an accident. Respondent thereafter concluded that there was no permanent disability following the 1964 accident, and the disability following the occurrence of April 24, 1973 was not the natural and proximate result of an accident within the meaning of section 63 of the Retirement and Social Security Law. The record reveals that on April 24, 1973 petitioner was working as a school custodian waxing floors and that while lifting a 25-pound desk approximately one and one-half feet off the floor, he felt something catch in his back and experienced pain. He went home and has not worked since. Petitioner had the burden to establish that there was an accident and that disability causally resulted therefrom *(Matter of Schack v Levitt,* 65 AD2d 881). The record further reveals that moving desks was within the ordinary duties performed by petitioner. While petitioner, on his application, did not mention slipping, at the hearing he testified that he slipped as he was lifting the desk but did not fall or strike any part of his body on any object in the room. The respondent is vested with the "exclusive authority" to determine applications for any form of retirement (Retirement and Social Security Law, § 74). Considering the record in its entirety, we are of the view that there is substantial evidence to sustain

respondent's determination. Consequently, we may not disturb it *(Matter of Basile v Levitt,* 70 AD2d 999, mot for lv to app den 48 NY2d 606). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.