■ In the Matter of VIRGINIA A. MEAD, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement benefits. Petitioner, a clerk employed by Westchester County, testified that her duties included filing, answering the phone, Xerox copying, and processing and distributing the mail. Filing, petitioner explained, consisted of "doing my filing every day, putting it away into the file cabinets." On May 7, 1976, petitioner was returning folders into the bottom drawer of a file cabinet. According to petitioner's testimony, she had difficulty closing the drawer since it was full of folders and had no casters on it. As a result, petitioner "picked up the drawer to help get it back into its place and in so doing * * * injured [her] back." Following a hearing, respondent denied petitioner's application for disability benefits upon the ground that the incident of May 7, 1976 was an injury resulting from exertion in the performance of petitioner's regular and expected duties, and, therefore, was not an accident within the meaning of the Retirement and Social Security Law. This proceeding ensued. The Retirement and Social Security Law provides, in part, that accidental disability retirement benefits shall be allowed where the disability is the result of an "accident" (Retirement and Social Security Law, § 63, subd

a, par 2). The Comptroller is vested with "exclusive authority" to determine all applications for any form of retirement (Retirement and Social Security Law, § 74, subd b) and, therefore, the issue is whether his determination that the incident did not constitute an accident is supported by substantial evidence *(Matter of Croshier v Levitt,* 5 NY2d 259, 265-266). Upon the undisputed facts of this case, respondent could rationally determine that the incident was not an accident for the reason that any disability resulted from activity in the ordinary performance of petitioner's duties *(Matter of Galutia v Levitt,* 78 AD2d 941; *Matter of Policastro v Regan,* 73 AD2d 745; *Matter of Hill v Levitt,* 67 AD2d 1071; *Matter of Deos v Levitt,* 62 AD2d 1121). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.