■ In the Matter of MERYLE V. SEELEY, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. On August 14, 1976, petitioner, a maintenance mechanic, while carrying a full refuse can upstairs, a task he routinely performed, experienced chest pain, was subsequently hospitalized and allegedly is physically unable to perform his duties. Respondent Comptroller disapproved petitioner's application for accidental disability retirement upon the ground that he had not sustained an injury as a result of an accident within the meaning of section 63 of the Retirement and Social Security Law. On both his accidental disability retirement application and his workers' compensation claim, petitioner simply stated that the chest pains started while he was carrying the

refuse can up the steps. At the hearing, however, he testified that his foot slipped on the metal molding along the stair's edge, causing him to fall and suffer the injury. The hearing officer elected not to credit that account, but chose instead to accept the version contained in the written documents, which made no mention of a slip. Where the application for disability benefits recites a different version of the incident from that presented at the hearing, a factual question of credibility arises which is for the Comptroller to decide (*Matter of Merkle v Levitt,* 69 AD2d 973). Here he resolved that conflict against petitioner, and there was an adequate factual basis for doing so. As a consequence, the Comptroller's determination that the injury resulted from a recognized risk inherent in petitioner's normal duties and thus was not an accident within the ambit of the statute, must be confirmed (*Matter of Covel v New York State Employees' Retirement System,* 84 AD2d 902; *Matter of Anguish v Regan,* 80 AD2d 695). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.