■ In the Matter of JOSEPH CAVARRETTA, Petitioner, v EDWARD V. REGAN, as New York State Comptroller, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability's retirement. Petitioner, an auto mechanic, was injured on June 16, 1978 while in the performance of his regular duties. He was in the process of hammering a bent snowplow blade in a work area approximately six feet from a runway utilized by municipal trucks. When a truck passed causing vibrations, the blade moved and petitioner's sledge hammer glanced off onto the floor. Petitioner fell to one knee sustaining a disabling back injury. The Comptroller denied his application for accidental disability retirement benefits upon the ground that he had not sustained an injury as a result of an accident within the meaning of section 63 (subd a, par 2) of the Retirement and Social Security Law. It is well settled that if an injury is sustained during the course of an employee's regular duties and results from a risk inherent in the task performed, the Comptroller's determination denying benefits will be upheld (see *Matter of Covel v New York State Employees' Retirement System,* 84 AD2d 902; *Matter of Anguish v Regan,* 80 AD2d 695). An errant blow is clearly an inherent risk in the use of a sledge hammer. The fact that truck vibrations, in an area well known to petitioner, may have moved the blade and precipitated the incident, cannot be deemed so unexpected as to warrant a different result (see *Matter of Deos v Levitt,* 62 AD2d 1121; cf. *Matter of Donahue v Levitt,* 55 AD2d 240). The Comptroller's finding that petitioner's injury was caused by a risk inherent in the performance of his routine duties and thus was not an accident within the ambit of the statute is supported by substantial evidence in the record (see *Matter of Covel v New York State Employees' Retirement System, supra; Matter of Mead v Regan,* 84 AD2d 620; *Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792). The determination, therefore, will not be disturbed *(Matter of Croshier v Levitt,* 5 NY2d 259). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.