■ In the Matter of FELIX SISKAVICH, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Comptroller which denied petitioner's application for accidental disability retirement pursuant to section 63 of the Retirement and Social Security Law. Petitioner Felix Siskavich was working as a correction officer at the Clinton Correctional Facility when, on July 12, 1977, he allegedly injured his back while assisting two inmates of a work detail as they threw a large beam out of a window of a building that was being torn down. As a result of this mishap, he subsequently filed an application for accidental disability retirement pursuant to section 63 of the Retirement and Social Security Law. His application was denied by the State Comptroller upon the ground that the incident wherein petitioner was injured did not constitute an accident within the meaning and intent of the above-cited statute. This proceeding ensued. We hold that the challenged determination should be confirmed. In his brief, petitioner concedes that as part of his employment duties he was expected to help the inmates in removing debris, such as the large beam, from the building being demolished. Most significantly, the record also contains a written statement signed by petitioner and his wife wherein petitioner states that he "did not slip, fall down, or strike [himself] against anything" when the injury occurred while the beam was being thrown out of the window. Under these circumstances, substantial evidence supports the Comptroller's determination that petitioner's injuries and resultant disability were not the natural and proximate result of an accident, and, consequently, the determination should not be disturbed (cf. Matter of Galutia v Levitt, 78 AD2d 941). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Weiss, JJ., concur.