In the Matter of ANTHONY FABIANO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, a town patrolman, was injured March 24, 1978 while attempting to restrain an uncooperative suspect during an arrest. Respondent denied an application for accidental disability retirement upon the ground petitioner had not sustained an injury as a result of an accident within the meaning of section 63 of the Retirement and Social Security Law. In his original written report on the day of the incident, petitioner made no mention of a slip or fall causing his injury. Patrolman Berry, who witnessed the scuffle, failed to mention such a fall in his letter to the retirement system dated December 26, 1979. In his application for disability benefits made September 13, 1979, petitioner claimed the injury occurred when he slipped to the ground

and the suspect fell on top of him. At the hearing, both petitioner and his witness repeated this latter version of the incident. The hearing officer elected to credit only the initial version contained in the written documents, which made no mention of a fall. Respondent denied the claim on November 21, 1980. This court has recently confirmed that contradictions between written versions of an incident and oral testimony at a hearing result in factual questions of credibility to be determined by the Comptroller (*Matter of Staffa v Regan,* 86 AD2d 914; *Matter of Seeley v New York State Employees' Retirement System,* 86 AD2d 699). In resolving this conflict, the Comptroller could properly determine that the injury resulted from a recognized risk inherent in petitioner's normal duties and thus was not an accident within the ambit of the statute (*Matter of Siskavich v Regan,* 86 AD2d 930; *Matter of Cavarretta v Regan,* 86 AD2d 706). Finally, despite petitioner's attempt in his brief to characterize the event as extraordinary, the record reflects his testimony upon cross-examination at the hearing wherein he conceded that his duties entailed making arrests, and that he had been involved in at least two or three similar altercations during his experience as a patrolman. There is substantial evidence to support the determination, which therefore must be confirmed (see *Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.