■ In the Matter of ROBERT WUESTMAN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. On November 28, 1977, petitioner, a carpenter employed by the Huntington Union Free School District, while helping a co-worker to lift a waxing machine up some stairs, injured himself and allegedly is physically unable to perform his duties. Respondent disapproved petitioner's application for accidental disability retirement upon the ground that the incident in question did not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law. This proceeding ensued. On both his accidental disability retirement application and his workers' compensation forms, petitioner stated that he twisted his back while lifting a waxing machine upstairs and did not mention a slip or fall. However, at the hearing, petitioner and the co-worker testified that while carrying the waxing machine, petitioner slipped, causing him to fall and suffer the injury. The hearing officer chose to accept the version of the incident contained in the written documents. Where, as here, the application for disability retirement "recites a different version of the incident from that presented at the hearing, a factual question of credibility arises which is for the Comptroller to decide" (*Matter of Seeley v New York State Employees' Retirement System,* 86 AD2d 699, 700). In the present case, the Comptroller resolved the factual issue against petitioner, and the record contains substantial evidence to support that determination (*id.; Matter of Merkle v Levitt,* 69 AD2d 973). In his brief, petitioner asserts, apparently for the first time, that he was performing work out of his regular duties when he was helping lift the waxing machine. The record, however, contains no evidence to support this contention and the burden is upon petitioner to establish that there was an accident (*Matter of Galutia v Levitt,* 78 AD2d 941). Accordingly, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.