■ In the Matter of RAYMOND SOTO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. Petitioner, a maintenance plumber at the Sagamore Children's Center of the Suffolk State School, filed an application for accidental disability retirement pursuant to section 63 of the Retirement and Social Security Law on May 14, 1976 because of injuries sustained to his lower back as the result of an accident involving a rototiller he was operating on October 10, 1973. In his application, petitioner gave this description of the occurrence: "While pushing a Rototiller, it hit an object and jumped out of the hole, and twisting me around with it causing injury to my back." After a hearing, the Comptroller found that the incident of October 10, 1973 was not an "accident" within the meaning of section 63 of the Retirement and Social Security Law. This proceeding ensued. The Comptroller is vested with the exclusive authority to determine all applications for retirement benefits (Retirement and Social Security Law, § 74, subd b; *Matter of Croshier v Levitt*, 5 NY2d 259). As part of that authority, the Comptroller may decide in applying the law that a certain event does not constitute an accident (*Matter of Group v McGovern*, 8 AD2d 885). On the facts contained in this record, the Comptroller could properly determine that the bolting of the rototiller while being operated by petitioner, which caused his back injury disabling him from further employment as a maintenance plumber, was "not wholly 'unexpected,' but rather * * * a recognized risk inherent in such an activity" (*Matter of Galutia v Levitt*, 78 AD2d 941; *Matter of Policastro v Regan*, 73 AD2d 745; *Matter of Deos v Levitt*, 62 AD2d 1121, 1122). The determination is supported by substantial evidence. It should, therefore, be confirmed and the petition dismissed. There were many discrepancies in the record involving the testimony given by petitioner and his witnesses. Petitioner never mentioned in his application that he had fallen to the ground at the time of the injury. Yet, he testified at the hearing that while using the rototiller in a trench, the rototiller struck an object and twisted him out of the hole and that he "went on the floor, collapsed, turned around." A witness on behalf of petitioner first testified that he saw "the machine turn over with Ray". But, later, he admitted he did not see the actual occurrence. The discrepancies in petitioner's description of how he sustained his injury permit the Comptroller to reach the conclusion that the incident was not an accident within the meaning and intent of section 63 of the statute. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.