■ In the Matter of FELIX T. PUGLIESE, as Assistant for Labor Relations and Personnel of the County of Rensselaer, et al., Petitioners, v NEW YORK STATE AND LOCAL EMPLOYEES RETIREMENT SYSTEM, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioners' application for accidental disability retirement benefits for Christopher Pelcher.

Petitioners herein seek review and reversal of the determination denying Christopher Pelcher accidental disability retirement benefits. Pelcher, a Rensselaer County Deputy Sheriff, was responding to a radio call regarding an automobile accident in the Town of Brunswick when, at the scene, he confronted a visibly intoxicated man attempting to change a tire. Pelcher asked him to stand away from the vehicle and the man began falling over the guardrail and down an embankment. Pelcher grabbed the man but then lost his balance, falling against the vehicle and then to the ground. The individual fell on top of Pelcher, injuring Pelcher's hip.

Following an application for benefits and then a hearing, the Comptroller denied accidental disability retirement benefits, after concluding that Pelcher's alleged injury was not the result of an accident but, rather, was due to Pelcher "physically straining himself in the usual and ordinary performance of his employment duties". This proceeding challenging that determination ensued.

The determination should be confirmed and the petition dismissed. An applicant for accidental disability retirement benefits bears the burden of showing that his injury was due to an accident, an unexpected, sudden, mischance *(see, Matter of Lichtenstein v Board of Trustees of Police Pension Fund,* 57 NY2d 1010, 1012). Injuries resulting from risks inherent in the regular duties of the applicant's employment are not accidental *(see, Matter of Cummings v Regan,* 107 AD2d 968, 969). Petitioners argue that the intoxicated person's impending fall over the embankment was a precipitating accidental event. Pelcher, however, conceded that part of his job entailed physical contact in aiding the public and it is clear from the record that he affirmatively undertook to save a presumably intoxicated individual after he began falling. Accordingly, the Comptroller could properly conclude that Pelcher undertook a risk inherent in a police officer's regular duties, a conclusion supported, in this instance, by substantial evidence in the record *(see, Matter of Policastro v Regan,* 73 AD2d 745).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.